UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGEL RENEE SPONG,

Plaintiff,

v. Case No. 8:26-cv-______

RHESA BOSTICK, individually;
RRC INC., f/k/a THE RED ROOM GENTLEMAN'S CLUB, INC., d/b/a THE RED ROOM GENTLEMEN'S CLUB;
JEREMY BUEHRIG, individually;
WILLIAM J. FERNANDEZ, individually;
KEVIN GEIGLE, individually; and
CARL MOWRY, individually,

Defendants.
_________________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Angel Renee Spong, sues Defendants Rhesa Bostick, RRC Inc., f/k/a The Red Room Gentleman's Club, Inc., d/b/a The Red Room Gentlemen's Club, Jeremy Buehrig, William J. Fernandez, Kevin Geigle, and Carl Mowry, and alleges:

**INTRODUCTION**

1. This is a civil action for damages under the federal Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1591 and 1595, the Florida civil remedy for victims of human trafficking, Fla. Stat. § 787.061, the Florida Civil Remedies for Criminal Practices Act, Fla. Stat. § 772.104, and Florida common law.

2. Rhesa Bostick, a manager at the Red Room Gentlemen's Club in New Port Richey, Florida, targeted Ms. Spong at a moment of acute financial vulnerability, manufactured her dependence on him for transportation and housing, and then used that dependence to coerce her

into commercial sexual activity with his associates and with club customers in the private rooms of the club.

3. Bostick did not act alone. The club's owners and officers knew of the practice, allowed it to continue on club premises as part of the club's ordinary operations, and profited from it. When Ms. Spong stopped complying, Bostick carried out his threats. He caused her to lose the vehicle, contributed to the loss of her housing, and caused her to be fired and barred from the club.

4. Ms. Spong brings this action to recover compensatory, treble, and punitive damages, attorney fees, and costs, and all other relief the law allows.

## PARTIES

5. Plaintiff Angel Renee Spong is an adult natural person who at all material times resided in Pasco County, Florida.

6. Defendant Rhesa Bostick, also known as “Bernie,” is an adult natural person who at all material times resided in Palm Harbor, Pinellas County, Florida, and worked as a manager at the Red Room Gentlemen's Club. He is sued individually.

7. Defendant RRC Inc., formerly known as The Red Room Gentleman's Club, Inc., is a Florida corporation doing business as The Red Room Gentlemen's Club at 3935 Grand Boulevard, New Port Richey, Pasco County, Florida 34652 (the “Club”). The Club is an adult theater within the meaning of Fla. Stat. § 847.001.

8. Defendant Jeremy Buehrig is an adult natural person and at all material times was an officer, owner, operator, and/or agent of RRC Inc. and the Club. He is sued individually.

9. Defendant William J. Fernandez is an adult natural person and at all material times was an officer, owner, operator, and/or agent of RRC Inc. and the Club. He is sued individually.

10. Upon information and belief, Defendant Kevin Geigle is an adult natural person and at all material times was an officer, owner, operator, and/or agent of RRC Inc. and the Club. He is sued individually.

11. Defendant Carl Mowry is an adult natural person and at all material times was an officer, owner, operator, and/or agent of RRC Inc. and the Club. He is sued individually.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises in part under 18 U.S.C. § 1595, and under 18 U.S.C. § 1595(a), which authorizes a civil action in an appropriate district court of the United States.

13. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) because those claims arise from the same case or controversy as the federal claims.

14. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in Pasco County, Florida, within the Tampa Division of the Middle District of Florida, and because Defendants reside in this District.

15. This action is timely. The federal claims are subject to the ten year limitations period of 18 U.S.C. § 1595(c). The Florida statutory claims are subject to the limitations periods of Fla. Stat. § 95.11 and Chapter 772, none of which has expired. The conduct alleged occurred between approximately 2024 and July 2025.

16. All conditions precedent to this action have been performed, have occurred, or have been waived, including written notice of Ms. Spong's claims delivered to each Defendant on or about May 22, 2026.

## FACTUAL ALLEGATIONS

### A. Recruitment of a Vulnerable Single Mother

17. Ms. Spong is a single mother of two children. In early 2024 she was unemployed, receiving disability assistance, and recovering from an abusive relationship.

18. Bostick knew Ms. Spong from her earlier employment at Emperor's Gentlemen's Club, where the two had worked together years before.

19. Beginning in approximately March 2024, Bostick recruited Ms. Spong to work at the Club, where he was a manager. He told her she would not have to perform sexual services in the private rooms and that she would not have to pay him back for his help. Both statements were false when made.

20. Ms. Spong began working at the Club in approximately June 2024.

**B. Manufactured Financial Dependence**

21. In September 2024, Ms. Spong lost her vehicle in a hurricane. Bostick seized on the loss.

22. Bostick rented a car for Ms. Spong, then purchased a 2016 Dodge Challenger for her use, putting approximately $4,000 down and spending approximately $10,000 on repairs. He later arranged the purchase of a 2024 Dodge Durango with a down payment of approximately $6,000, signed paperwork at the dealership, and purchased the vehicle tag.

23. Bostick also arranged and subsidized housing for Ms. Spong and her children at 11618 Meredith Lane, Port Richey, Florida, into which she moved in approximately December 2024, including approximately $1,600 in cash toward the housing.

24. Through counsel's written response to Ms. Spong's presuit demand, dated July 3, 2026, Defendants have confirmed in substance that Bostick made the vehicle down payment, signed the dealership paperwork, purchased the tag, and put $1,600 in cash toward Ms. Spong's housing.

25. Every element of Ms. Spong's basic stability, her transportation, her housing, and her income, ran through Bostick and the Club.

**C. Coercion and Commercial Sexual Exploitation**

26. Having created the dependence, Bostick began telling Ms. Spong that she owed him and that she had to pay him back.

27. Bostick directed Ms. Spong to specific customers and associates of his at the Club and required her to perform commercial sexual acts with them in the private rooms of the Club.

28. Money paid by those customers was retained by Bostick and by members of the Club's bouncer and management staff. Ms. Spong was not permitted to keep it.

29. In addition to directing Ms. Spong to have commercial sexual contact with customers and associates, Bostick also personally directed Ms. Spong to have sex with him on a recurring basis over the course of her employment, including at the Club before business hours and, on occasion, at locations away from the Club.

30. Ms. Spong did not consent. She submitted because Bostick expressly threatened to take away her vehicle and housing if she refused, and because Bostick claimed connections to law enforcement, including the FBI, which he implied he would use against her.

31. Bostick screamed in Ms. Spong's face when she resisted, monitored her, isolated her, and supplied her with alcohol during shifts to keep her compliant.

32. On multiple occasions Ms. Spong placed video calls to her boyfriend while Bostick pressured her to enter the private rooms, and he observed her visible fear in real time.

33. The same pattern was inflicted on other women at the Club, including women known to Ms. Spong by the names “Mia” and “Peaches.”

**D. The Club Knew, Participated, and Profited**

34. The commercial sexual activity took place on Club premises, in private rooms controlled by the Club, during operating hours, with the participation of Club staff.

35. Club bouncers escorted and facilitated the encounters and shared in the money. Club staff who cleaned the private rooms found and disposed of physical evidence of sexual activity, including condoms.

36. The Club's owners and officers, including Buehrig, Fernandez, Geigle, and Mowry, knew of the commercial sexual activity occurring in the Club's private rooms, allowed it to continue, and benefited financially from it through room fees, drink sales, door revenue, and the retained proceeds of the activity itself.

37. Bostick was known to fire dancers who did not generate enough money for the Club. The coercive scheme was not the act of a single rogue manager. It was woven into the ongoing operation of the Club.

**E. Retaliation and Aftermath**

38. In 2025, Ms. Spong stopped complying with Bostick's demands.

39. Bostick carried out his threats. In July 2025, Ms. Spong's vehicle was impounded. Because the vehicle was registered in Bostick's name, Ms. Spong needed his cooperation to recover it and the personal property inside it, which included her mother's ashes. Bostick refused until she begged him, allowed her only to retrieve her mother's ashes, and then stopped making payments on the vehicle and allowed it to be repossessed. When Ms. Spong contacted the Club to return to work, Bostick told her she was fired and barred from the Club and that she was of no use to him. He also contributed to Ms. Spong's loss of her housing.

40. Ms. Spong was required to sign a termination document at the Club and was not given a copy.

41. As a direct result of Defendants' conduct, Ms. Spong suffered and continues to suffer severe emotional and psychological harm, including anxiety, depression, nightmares, flashbacks, disrupted sleep and eating, damage to her relationships with her children and family, shame, and loss of identity. She has required counseling and medication and has been unable to work.

## COUNT I

**Sex Trafficking, 18 U.S.C. §§ 1591 and 1595**
**(Against Defendant Bostick)**

42. Ms. Spong realleges paragraphs 1 through 41 as if fully set forth here.

43. Bostick knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, and solicited Ms. Spong, in and affecting interstate commerce, knowing or in reckless disregard of the fact that means of force, threats of force, fraud, and coercion would be used to cause Ms. Spong to engage in commercial sex acts, in violation of 18 U.S.C. § 1591(a).

44. Bostick's conduct included a scheme, plan, and pattern intended to cause Ms. Spong to believe that failure to perform commercial sex acts would result in serious harm, including the loss of her transportation, her housing, and her ability to support her children, and the abuse and threatened abuse of law and legal process.

45. Ms. Spong is a victim of a violation of 18 U.S.C. § 1591 and brings this civil action under 18 U.S.C. § 1595(a).

46. As a direct and proximate result, Ms. Spong suffered physical, emotional, psychological, and economic injury, and is entitled to compensatory and punitive damages, reasonable attorney fees, and costs.

## COUNT II

**Beneficiary Liability, 18 U.S.C. § 1595(a)**
**(Against Defendants RRC Inc., Buehrig, Fernandez, Geigle, and Mowry)**

47. Ms. Spong realleges paragraphs 1 through 41 as if fully set forth here.

48. RRC Inc., Buehrig, Fernandez, Geigle, and Mowry each knowingly benefited, financially and by receiving things of value, from participation in a venture that each knew or should have known engaged in sex trafficking of Ms. Spong in violation of 18 U.S.C. § 1591.

49. The venture operated openly on Club premises. These Defendants controlled the premises, employed and supervised Bostick and the participating staff, set and tolerated the practices of the private rooms, and received revenue generated by the venture.

50. As a direct and proximate result, Ms. Spong suffered physical, emotional, psychological, and economic injury, and is entitled to compensatory and punitive damages, reasonable attorney fees, and costs under 18 U.S.C. § 1595.

## COUNT III

**Civil Action by Victim of Human Trafficking, Fla. Stat. § 787.061**
**(Against All Defendants)**

51. Ms. Spong realleges paragraphs 1 through 41 as if fully set forth here.

52. Ms. Spong is a victim of human trafficking within the meaning of Fla. Stat. §§ 787.06 and 787.061. She was subjected to coercion, including debt coercion, threats to her financial security, and threatened abuse of law and legal process, for the purpose of commercial sexual exploitation.

53. The Club is an adult theater as defined in Fla. Stat. § 847.001. RRC Inc. owns and operates the Club. Buehrig, Fernandez, Geigle, and Mowry are owners, operators, and officers of the Club, and Bostick was a manager of the Club.

54. Defendants knowingly allowed Ms. Spong, a victim of human trafficking, to work, perform, and dance at the Club while she was being trafficked.

55. Under Fla. Stat. § 787.061, Ms. Spong is entitled to economic and noneconomic damages, punitive damages, reasonable attorney fees, and costs.

**COUNT IV**

**Civil Remedies for Criminal Practices, Fla. Stat. § 772.104**
**(Against All Defendants)**

56. Ms. Spong realleges paragraphs 1 through 41 as if fully set forth here.

57. Defendants, with criminal intent, received proceeds derived from a pattern of criminal activity, and through a pattern of criminal activity acquired and maintained an interest in and control of an enterprise, and conducted and participated in an enterprise through a pattern of criminal activity, in violation of Fla. Stat. § 772.103.

58. The enterprise consisted of the Club and the association in fact of Bostick, the Club's owners and officers, and participating staff.

59. The pattern of criminal activity included repeated violations of Chapter 787, Florida Statutes, relating to human trafficking, which is criminal activity as defined in Fla. Stat. § 772.102(1)(a), committed against Ms. Spong and against other women at the Club, including the women known as “Mia” and “Peaches.”

60. Ms. Spong was injured by reason of these violations and is entitled to threefold her actual damages, minimum statutory damages, reasonable attorney fees, and costs under Fla. Stat. § 772.104.

**COUNT V**

**Battery**
**(Against Defendant Bostick, and Against RRC Inc. Vicariously)**

61. Ms. Spong realleges paragraphs 1 through 41 as if fully set forth here.

62. Bostick intentionally caused harmful and offensive contact with Ms. Spong's person, including sexual contact to which she did not and could not freely consent because it was procured by coercion, threats, and abuse of financial control.

63. Bostick committed these acts while acting as a manager of the Club, within the scope of his employment, in furtherance of the Club's business, and with the knowledge and acquiescence of the Club's owners and officers. RRC Inc. is vicariously liable.

64. As a direct and proximate result, Ms. Spong suffered injury and is entitled to compensatory and punitive damages.

**COUNT VI**

**Intentional Infliction of Emotional Distress**
**(Against Defendant Bostick, and Against RRC Inc. Vicariously)**

65. Ms. Spong realleges paragraphs 1 through 41 as if fully set forth here.

66. Defendants' conduct, coercing a financially trapped single mother into commercial sexual activity through threats to her housing, transportation, and livelihood, was intentional, reckless, outrageous, and beyond all bounds of decency in a civilized society.

67. The conduct directly and proximately caused Ms. Spong severe emotional distress, including anxiety, depression, nightmares, and flashbacks requiring treatment and medication.

68. Ms. Spong is entitled to compensatory and punitive damages.

**COUNT VII**

**Negligent Hiring, Retention, and Supervision**
**(Against Defendant RRC Inc.)**

69. Ms. Spong realleges paragraphs 1 through 41 as if fully set forth here.

70. RRC Inc. owed Ms. Spong, a worker on its premises, a duty to use reasonable care in hiring, retaining, and supervising its managers and staff, and to maintain its premises free of known criminal exploitation.

71. RRC Inc. knew or should have known that Bostick was using his position to coerce commercial sexual activity from dancers in the Club's private rooms. It retained him, gave him continued authority over dancers, and took no corrective action.

72. As a direct and proximate result, Ms. Spong suffered injury and is entitled to compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Angel Renee Spong demands judgment against Defendants, jointly and severally as the law allows, for:

a. Compensatory damages, including economic and noneconomic damages, in an amount to be determined at trial;
b. Treble damages under Fla. Stat. § 772.104;
c. Punitive damages;
d. Reasonable attorney fees and costs under 18 U.S.C. § 1595, Fla. Stat. § 787.061, and Fla. Stat. § 772.104;
e. Prejudgment and postjudgment interest; and
f. All other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated: October 28, 2026

Respectfully submitted,

The Law Offices of Travis R. Walker, P.A.

**By: /s/ Travis R. Walker**

Travis R. Walker, Esq.
Florida Bar No.: 36693
1100 S.E. Federal Highway
Stuart, Florida 34994
Telephone: (772) 708 0952
travis@traviswalkerlaw.com
service@traviswalkerlaw.com